IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


LEE BAKER                                                                    PLAINTIFF

         v.                         Civil No. 4:14-cv-04104

JANA TALLANT; JAILER DEWANDA;
BRIAN COOK; HECTOR CRUZ;
JAILER SHAW; JAILER MISTY;
and SHELBY MILLER                                                            DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

        This is a civil rights action filed by the Plaintiff Lee Baker pursuant to 42 U.S.C. § 1983.

Plaintiff is currently incarcerated in the Arkansas Department of Correction Ouachita River Unit

in Malvern, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the

Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for

the purpose of making a report and recommendation.

        Currently before the Court is Separate Defendants Cruz, Dewanda, Shaw, and Tallant's

Motion to Dismiss (ECF No. 12); Defendant Cook's Motion to Dismiss (ECF No. 22); and

Defendant Miller's Motion to Dismiss (ECF No. 25).  Plaintiff responded to all of the Motions

with one Response.  ECF No. 29.  After careful consideration, I make the following Report and

Recommendation.

**1.      BACKGROUND**

        Plaintiff filed his Complaint on August 4, 2014 in the Eastern District of Arkansas.  ECF

No. 2.  The Eastern District properly transferred the case to this Court on August 14, 2014.  ECF

No. 3.  In his Complaint, Plaintiff names Jana Tallant, Jailer Dewanda, Brian Cook, the Howard County Sheriff's Office,[1] Hector Cruz, Jailer Shaw, Jailer Misty, and Shelby Miller as Defendants. ECF No. 2.  Plaintiff indicates he is suing each of the Defendants in both their individual and official capacities.

In his Complaint, Plaintiff alleges he was verbally harassed and sexually assaulted by other inmates due to his sexual orientation, and the Defendants allowed this conduct to happen. Specifically, Plaintiff claims he was arrested on November 14, 2013 for sexual indecency with a child and placed into segregation with inmates with similar charges.  On November 15, 2013, however, Plaintiff was moved to general population.  Before lock down on November 15, 2013, Jailer Misty heard two inmates threaten to beat Plaintiff if she put him in the cell with them.  Jailer Misty disregarded these threats, and placed Plaintiff in the cell with the threatening inmates.  ECF No. 2, p. 5.  The inmates continued to verbally threaten Plaintiff throughout the night.

On November 16, 2013, Plaintiff sent a request to the jail administrator, Defendant Tallant, to be moved to segregation.  Plaintiff did not receive a reply to this request.

---

[1]  By Order dated January 15, 2015, the undersigned directed the Clerk of the Court to terminate the Howard County Sheriff's Office ("HCSO") as a Defendant in this matter because no such Defendant was listed on Plaintiff's original Complaint.  ECF No. 7.  In Plaintiff's Response to the instant Motions he points out that he did in fact list the HCSO as a Defendant in his Complaint and requests the Court reinstate the HCSO as a defendant in this matter.  ECF No. 29.  Plaintiff is advised the HCSO is a building and not a person or legal entity subject to suit under section 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail is not a "person" under Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (the "jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).  Therefore, the HCSO cannot be named as a defendant in this matter even though Plaintiff did list it in his original Complaint.

2

Plaintiff claims from November 16, 2016 forward he was "bullied," "made fun of," and "verbally assaulted" due to his sexual orientation.  These actions took place in front of Defendants but Defendants took no action.  ECF No. 2, p. 6.

On January 29, 2014, Defendant Jailer Dewanda heard another inmate proposition Plaintiff for oral sex and only told the other inmate to "hush."  Plaintiff sent grievances to Defendant Tallant and the Sheriff through Defendant Cook, but got no reply.  ECF No. 2, p. 6.

Plaintiff claims the "verbal attacks" continued and ranged from being asked for "sexual favors" to "having my pants pulled down in front of other inmates and Jailors", "having my Ass Smacked by Inmates", and being called "lil mama," "Shorty," "faggott," and "Mrs Baker."  ECF No. 2, p. 7 (errors in original).

On April 2, 2014, Plaintiff was sentenced to the Arkansas Department of Correction ("ADC") and moved to A Pod—the holding pod for inmates waiting to be transferred to the ADC. On April 3, 2014, Plaintiff woke up to "An Inmate Dry Humping" him.  On April 12, 2014, three inmates pulled Plaintiff's pants down and held him down while another inmate "pretended to have sexual Intercourse [with Plaintiff] in front of other Inmates."  ECF No. 2, p. 7.

Plaintiff also claims Defendant Cruz mocked him by waving at Plaintiff in a "feminie manner" and saying "Hey Girl."  ECF No. 2, pp. 7-9.

Lastly, Plaintiff claims he filed grievances and requests regarding all of these instances but the grievances and requests were ignored.  ECF No. 2, p. 8.

Plaintiff requested as relief that Defendants pay him for his pain, suffering, and mental anguish and that Defendants make a safe environment in the HCDC for everyone despite sexual orientation or charges.  ECF No. 2, p. 9.

In their Motions to Dismiss,[2] Defendants seek dismissal of Plaintiff's Complaint for failure to state a claim. Defendants first argue verbal threats are not actionable under section 1983. Additionally, Defendants argue Plaintiff's claims of "sexually suggestive acts" do not rise to the level of a constitutional violation. ECF Nos. 12, 22, 25.

Plaintiff responded arguing that the sexual and mental abuse he alleged did happen, therefore, the Motions to Dismiss should be denied. ECF No. 29.

## 2.      APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## 3.      DISCUSSION

Plaintiff's claims are not that Defendants themselves (other than Defendant Cruz) sexually

---

[2] While Defendants filed three separate Motions to Dismiss, each Motion argues the exact same arguments. ECF Nos. 12, 22, 25.

harassed or assaulted him but instead that Defendants failed to protect him from other inmates sexually harassing and assaulting him.   Plaintiff does claim that Defendant Cruz made one inappropriate remark mocking Plaintiff's sexual orientation.

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners.  *See Perkins v. Grimes,* 161 F.3d 1127, 1129 (8th Cir. 1998).[3] However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victims's safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

To prevail on his failure to protect claim, Plaintiff must satisfy a two-prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison officials were "deliberately indifferent [to his] health or safety."  *See Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted).  The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right.  *Id.*  The second, however, is subjective requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'"  *Id. (quoting Farmers,* 511 U.S. at 837).  "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007).  Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal

---

[3] It appears from Plaintiff's Complaint that he was a convicted prisoner at the time of the physical altercations at issue here.  Therefore, I will apply the standard applicable to convicted inmates under the Eighth Amendment.  It is irrelevant when the verbal harassment occurred because, as explained in more detail below, these actions alone do not rise to the level of a constitutional violation.

quotation marks and citation omitted).  Furthermore, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis,*" however, "[n]o clear line divides *de minimis* injuries from others."  *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008).

Defendants argue that Plaintiff cannot show that the conduct he describes rises to the level of a constitutional violation because verbal harassment alone does not implicate the constitution. The Eighth Circuit Court of Appeals has specifically held that verbal sexual harassment, "absent contact or touching," is insufficient to establish an Eighth Amendment violation. *Howard v. Everett,* 208 F.3d 218 (8th Cir. 2000).  Therefore, Plaintiff's claims regarding the name calling and verbal threats regarding his sexual orientation, while offensive, do not rise to the level of a constitutional violation in the context of a prison setting.  *Id.*

However, Plaintiff also claims multiple physical altercations of a sexual nature that accompanied the verbal sexual harassment.  Plaintiff claims his fellow inmates pulled his pants down, slapped his buttocks, "dry humped" him, and held him down and pretended to have sexual intercourse with him while his pants were pulled down and others watched.  These interactions clearly surpass verbal harassment.[4]  I find, considering all Plaintiff's allegations as true and drawing all reasonable inferences in favor of Plaintiff as I must at this stage, that these physical interactions coupled with the verbal sexual harassment do implicate the constitution.  *See Seltzer-Bey v. Delo,* 66 F.3d 961, 962-63 (8th Cir. 1995) (a prison guard's sexual comments coupled with daily strip searches and rubbing of the prisoner's buttocks with his night stick implicated the Eighth Amendment); *Watson v. Jones,* 980 F.2d 1165, 1165-66 (8th Cir. 1992) (guards daily pat-down

---

[4] My findings are not to be construed as a finding as to whether Plaintiff has established the inmates committed a sexual assault on him under Arkansas law.

searches, tickling, and deliberately examining genital area implicated the Eighth Amendment). S*ee also Washington v. Hively,* 695 F.3d 641, 643 (7th Cir. 2012) ("[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant.").

Defendants argue the physical altercations alleged here were nothing more than "incidents of sexually suggestive acts . . . and do not rise to the level of a constitutional violation." ECF No. 13, p. 3. Defendants cite to *Berryhill v. Schriro,* 137 F.3d 1073 (8th Cir. 1998) in support of their argument. In that case, Berryhill complained of an isolated incident where one maintenance worker grabbed him by his shoulders while another worker "briefly" grabbed his buttocks with one hand. Then another maintenance worker also grabbed Berryhill's buttocks for a moment. Plaintiff then walked away from workers and left the maintenance building without trouble. Plaintiff characterizes the workers actions as a homosexual advancement. The Eight Circuit held:

> [T]here is no evidence that Berryhill suffered anything more than a brief unwanted touch on his buttocks. We bear in mind that not every malevolent touch by a prison guard [or civilian prison worker] gives rise to a federal cause of action . . . Certainly, sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries. It would be a distortion, however, to characterize the conduct in this case as a sexual assault, even when we view the evidence, as we must, in the light most favorable to the plaintiff. According to Berryhill's deposition testimony, the brief touch to his buttocks lasted mere seconds, it was not accompanied by any sexual comments or banter, and he thought the defendants were trying to embarrass him, not rape him. Berryhill did not assert that he feared sexual abuse during the incident, and the two brief touches to his buttocks in the circumstances of this case simply cannot be construed as a sexual assault.

*Berryhill v. Schriro,* 137 F.3d at 1076 (internal quotations omitted). The Eighth Circuit explained that Berryhill's allegations did not rise to the level of allegations made in previous cases which withstood summary judgment. *Id. (citing See Seltzer-Bey v. Delo,* 66 F.3d 961, 962-63 (8th Cir.

1995) (a prison guard's sexual comments coupled with daily strip searches and rubbing of the prisoner's buttocks with his night stick implicated the Eighth Amendment); *Watson v. Jones,* 980 F.2d 1165, 1165-66 (8th Cir. 1992) (guards daily pat-down searches, tickling, and deliberately examining genital area implicated the Eighth Amendment). The Eighth Circuit determined that Berryhill could not demonstrate, even considering the facts in a light most favorable to him, that the complained of actions rose to a level that violated the Eighth Amendment.

*Berryhill*, however, is distinguishable from the instant case. The plaintiff in *Berryhill* only suffered one brief unwanted touching with no sexual comments or banter while Plaintiff here claims he endured multiple physical altercations of a sexual nature all accompanied by continuous sexual comments, threats, taunts, and name calling. Furthermore, the plaintiff in *Berryhill* experienced one brief touching of his buttocks while the Plaintiff here alleges he experienced unwanted touching of his buttocks and had his pants pulled down while other inmates pretend to rape him and others watch. Lastly, Berryhill testified in his deposition that he believed the perpetrators were attempting to embarrass him not to sexually assault him. While Plaintiff here characterized the verbal comments as taunts and being "mocked" for his sexual orientation, he did not make any characterizations of the physical altercations other than to describe the conduct. Therefore, at this stage, I find Plaintiff's allegations in his Complaint are more analogous to the facts in *Seltzer-Bey* and *Watson* in which the Eighth Circuit held the allegations implicated the constitution. *See Seltzer-Bey,* 66 F.3d at 962-63; *Watson,* 980 F.2d at 1165-66.

Plaintiff also alleges Defendants actually knew of this ongoing conduct and failed to protect him from it.

In considering Plaintiff's allegations as true and drawing reasonable inferences in favor of

8

Plaintiff, as I must at this stage, I find Plaintiff has stated a claim that the Defendants failed to protect him from the sexual physical contact he alleges.

### 4.    CONCLUSION

Accordingly, I recommend Defendants' Motions to Dismiss (ECF No. 12, 22, 25) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 20th day of July 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE